FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 20, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN MANUEL LOZANO,<br><br>Defendant. | No. 4:21-CR-06040-MKD<br><br>ORDER ACCEPTING GUILTY PLEA AND SETTING SENTENCING SCHEDULE |

On April 20, 2023, Defendant Juan Manuel Lozano appeared before the Court and entered a plea of guilty to Count 2 of the Indictment filed on November 9, 2021, charging him with Distribution of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), a Class C felony. Defendant was represented by William David McCool. Assistant United States Attorney Michael Davis Murphy appeared on behalf of the United States.

The Court finds that Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and

ORDER ACCEPTING GUILTY PLEA AND SETTING SENTENCING SCHEDULE - 1

consequences of the plea, and that the plea of guilty is knowing, voluntary, is not induced by fear, coercion, or ignorance, and is supported by an independent basis in fact establishing each of the essential elements of the crime. Therefore, Defendant's plea of guilty is accepted.

Accordingly, **IT IS HEREBY ORDERED:**

1. A sentencing hearing is set for **August 3, 2023, at 11:00 a.m.**, in Richland Courtroom 326. Absent truly exigent circumstances, the Court will not consider a request for a continuance of sentencing unless: (1) the request is made by written motion, (2) in accordance with LCivR 7, and (3) the motion and supporting declaration are filed at least seven (7) days before the scheduled sentencing hearing.

2. Defendant shall remain released to pretrial supervision pursuant to the conditions of release previously imposed in this matter. ECF No. 18. **<u>If a sentence of incarceration is imposed, Defendant shall be taken into custody at the time of sentencing.</u>**

3. The United States Probation Office shall prepare a Presentence Investigation Report (PSR) pursuant to Fed. R. Crim. P. 32(c).

4. Not later than **June 29, 2023**, the Probation Officer shall disclose the PSR to Defendant, counsel for Defendant, and the United States. Disclosure of the

ORDER ACCEPTING GUILTY PLEA AND SETTING SENTENCING SCHEDULE - 2

PSR shall be subject to the limitations imposed by Rule 32 of the Federal Rules of Criminal Procedure.

5.  Within 14 days of the disclosure of the PSR, counsel shall communicate in writing to the Probation Office (and opposing counsel) any objections they may have as to legal and factual errors or omissions; sentencing classifications; sentencing guideline ranges; and policy statements contained in or omitted from the report.  Objections shall be numbered and identify the paragraph(s) to which the objection applies.  Objections shall address the PSR in sequential order, beginning with the lowest numbered paragraph.  If an objection is filed, the Probation Officer shall conduct such additional investigation as is necessary to assess the merits of the objection.

6.  The Probation Officer shall submit the final PSR to the Court by **July 24, 2023**.  The PSR shall be accompanied by an addendum setting forth any objections counsel may have made, including those that have not been resolved, together with the officer's comments and recommendations thereon.  The Probation Officer shall certify that the contents of the report, other than the sentencing recommendations, including any revisions or addenda, have been disclosed to counsel for Defendant and the United States, and that the addendum fairly states any remaining objections.  Except with respect to any written objection made as required above, the PSR and computations shall be accepted by the Court as accurate.  Upon a

ORDER ACCEPTING GUILTY PLEA AND SETTING SENTENCING SCHEDULE - 3

timely objection by Defendant, the United States bears the burden of proof on any fact that is necessary to establish the base offense level. The Court, however, for good cause shown, may allow that a new objection be raised at any time before the imposition of sentence. In resolving any disputed issues of fact, the Court may consider any reliable information presented by the Probation Officer, Defendant, or the United States.

Nothing in this Order requires the disclosure of any portions of the PSR that are not disclosable under Fed. R. Crim. P. 32. The PSR shall be deemed to have been disclosed: (1) when a copy of the report is physically delivered; or (2) one day after the report's availability for inspection is orally communicated; or (3) three days after a copy of the report or notice of its availability is mailed to counsel, whichever date is earlier.

7. Not later than **July 19, 2023,** counsel shall file and serve all motions and memoranda pertaining to Defendant's sentence, including departures and variances, and sentencing recommendations.

    a. Counsel shall utilize the following format when preparing initial sentencing memoranda which are limited to 20 pages (absent prior Court permission to file an overlength brief): I. Offense Level & Criminal History, II. Departures, III. 18 U.S.C. § 3553(a).

ORDER ACCEPTING GUILTY PLEA AND SETTING SENTENCING SCHEDULE - 4

     b. Under Section I. Offense Level & Criminal History, counsel shall discuss whether the PSR's Total Offense Level calculations (not including departures) and Criminal History calculation are correct or incorrect, providing legal authority for the party's position.

     c. Under Section II. Departures, counsel shall discuss whether a downward and/or upward departure is warranted under the Guidelines and provide legal authority for such position.

     d. Under Section III. 18 U.S.C. § 3553(a), counsel shall discuss whether the resulting guideline range provides a reasonable sentence sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2), considering the other factors listed in § 3553(a).

     e. **<u>FAILURE TO FILE AND SERVE SENTENCING MATERIAL BY THIS DATE, TO INCLUDE MOTIONS OR MEMORANDA FOR UPWARD OR DOWNWARD DEPARTURE, WILL BE DEEMED A WAIVER OF THE RIGHT TO DO SO.</u>**

8. Not later than **July 27, 2023**, the opposing party shall file and serve its response limited to no more than seven (7) pages.

9. If Defendant intends to qualify for the safety valve, the parties must schedule a meeting to conduct a safety valve interview to determine if the

ORDER ACCEPTING GUILTY PLEA AND SETTING SENTENCING SCHEDULE - 5

Defendant has met the requirements of U.S.S.G. § 5C1.2(a)(5) **no later than July 13, 2023.**

10. If either party intends to call witnesses or proffer exhibits at sentencing, witness and exhibit lists must be exchanged by the parties and provided to the Court no later **July 27, 2023**.

11. Sentencings shall be scheduled for a total of 45 minutes. If it is believed that the sentencing hearing will last longer than 45 minutes, counsel shall contact Chambers no later than **July 27, 2023**.

12. All pending motions pertaining to Defendant are **DENIED as moot** and all pending hearing and trial dates pertaining to Defendant are **STRICKEN** from the Court's calendar.

13. By and through this Order, the District Court Executive is authorized to accept Defendant's payment in the amount of $100 per count, for a total of $100, toward Special Penalty Assessments.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel, the United States Probation Office, and the United States Marshals Service.

DATED April 20, 2023.

<u>s/Mary K. Dimke</u><br>
MARY K. DIMKE<br>
UNITED STATES DISTRICT JUDGE

ORDER ACCEPTING GUILTY PLEA AND SETTING SENTENCING SCHEDULE - 6